**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEONARD FISCHER,**

      **Plaintiff,**

-vs-                   Case No. 6:08-cv-87-Orl-31KRS

**TERRASERV INC., and ALFRED C. LOCKYER,**

      **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

 This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **SECOND JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 40)** |
| **FILED:** | **December 22, 2008** |

**I. PROCEDURAL HISTORY.**

 This case was brought by Plaintiff Leonard Fischer as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Fischer was the only employee to opt-in to the case, and the case was never certified as a collective action. Fischer and Defendants Terraserv, Inc., and Alfred C. Lockyer seek the Court's approval of their settlement.

 On December 3, 2008, the mediator in the case reported the parties had settled at mediation. Doc. No. 36. Pursuant to the Court's Order, Doc. No. 37, the parties filed a joint motion to approve

the settlement, Doc. No. 38. The Court denied this motion without prejudice because the settlement agreement was not executed at the time the motion was filed. Doc. No. 39.

The parties filed their renewed motion on December 22, 2008, Doc. No. 40, supported by a signed copy of the settlement agreement, Doc. No. 40-2. The settlement agreement provides for payment of $15,000.00 to the Morgan & Morgan law firm trust fund (counsel for Fischer). In the motion, counsel state that the settlement sum will be divided equally between Fischer and Morgan & Morgan. Doc. No. 40 at 3.

Thereafter, I ordered counsel for Fischer to supplement the motion with verified time records and a sworn statement concerning the distribution of settlement funds. Doc. No. 42. In response, Andrew Frisch, Esq., filed an affidavit on February 12, 2009. Doc. No. 43 ("Frisch Aff.").

**II. APPLICABLE LAW.**

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## III. ANALYSIS.

### A. Settlement Recovery.

In his sworn responses to the Court's interrogatories, Fischer initially averred that he was due $52,500.00 in unpaid overtime and an equal amount in liquidated damages. Doc. No. 13-2. Attorney Frisch avers that Fischer "is receiving a reduced amount of damages, as compared with his Answers to Court Interrogatories, because there was a significant legal issue regarding whether he was subject to the Administrative or Executive Exemption, based on testimony from Defendants, corroborated by documentary evidence, that he managed all of Defendant's cleaning crews and regularly 'hired' and 'fired' employees on behalf of Defendants." Frisch Aff. ¶ 4. The parties also represent that Fischer claimed a time-and-a-half rate in his overtime calculation when he was "likely subject to a so-called 'half-time' calculation" instead. Doc. No. 40 at 3. The parties represent that their attorneys counseled and represented them throughout the litigation and settlement process. The parties also represent they voluntarily agreed to the terms of their settlement. *Id.*

Because Fischer will receive less than the amount he claimed to be owed under the FLSA, he has compromised his FLSA claim. Accordingly, the Court must consider whether the payment to Fischer's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Fischer agreed to accept.

B. *Attorney's Fees.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Frisch states that he will receive $7,500.00 of the settlement funds for attorney's fees, costs and expenses. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed

-4-

for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

1. Hourly Rate.

Attorney Frisch has been licensed to practice law since 2001. Frisch Aff. ¶ 9. He has been licensed to practice in Florida since 2006. He attests that a reasonable hourly rate for his services is $300.00 per hour, Frisch Aff. ¶ 8. In support of this hourly rate, Frisch submitted an order entered by a judge in the Southern District of Florida awarding Frisch $275.00 per hour in an FLSA case. Doc. No. 43. This is less than the hourly rate Frisch seeks. I also note that the prevailing hourly rates for attorneys in south Florida generally are higher than the prevailing hourly rate for attorneys in central Florida.

The Court has the benefit of the assessment of other judges in this district regarding the reasonable hourly rate for lawyers of similar experience in other FLSA cases. In general, the Court has opined that FLSA "cases typically are not complex and do not require a high degree of skill to represent the plaintiff . . . ." *King v. FSA Network, Inc.*, No. 6:07-cv-78-ORL-22JGG, 2007 WL

3072262, at *3 (M.D. Fla. Oct.19, 2007). Recently, a judge in the Middle District of Florida found that a reasonable rate for Frisch's work in an FLSA case resolved by settlement was $250.00 per hour. *E.g.*, *Fischer v. Taylor Morrison Servs., Inc.*, No. 8:08-cv-865-T-30TBM, 2008 WL 4790520 (M.D. Fla., Oct. 30, 2008). Absent evidence to support a higher hourly rate, I conclude that $250.00 is a reasonable hourly rate for Frisch's work in this case.

Frisch also seeks $95.00 per hour for paralegals Jocelyn Rivera, who has approximately three years of paralegal experience, and Marina Vaysman, who has approximately two years of paralegal experience. Frisch Aff. ¶ 14. Frisch submits no evidence as to the reasonableness of this rate. The Court has previously found the reasonable rate for another paralegal at Frisch's firm with nearly nine years of experience to be $50.00 per hour. *E.g.*, *Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *1, 5 (M.D. Fla., Jul. 9, 2008). Rivera and Vaysman's work in this case was primarily limited to e-filing, receiving, mailing, and printing documents, which is noncompensable clerical work. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). For example, Vaysman drafted a certificate of interested persons and notice of pendency of other cases, which are standard forms issued by the Court. The certificate of interested persons required Vaysman to type in the names of the parties and the lawyers, and the notice of pendency of other cases required her to check a selection. Accordingly, absent evidence to support a higher hourly rate, I conclude that $50.00 is a reasonable hourly rate for Vaysman's work in this case.

2. Reasonable Number of Hours.

Frisch avers that he expended 41.80 hours of attorney time on the case. The hours Frisch worked are reasonable, in the absence of objection.

As noted above, much of the work of the paralegals was clerical in nature and, therefore, not compensable. On October 8, 2008, however, the paralegals recorded 1.2 hours to "[d]raft responses to Defendant's discovery requests."[2] This work is compensable, and the time spent is reasonable in the absence of objection.

3. Lodestar.

Accordingly, the lodestar attorney's fees in this case are as follows:

| Legal Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Andrew Frisch | $250.00 | 41.80 | $10,450.00 |
| Paralegals | $50.00 | 1.20 | $60.00 |
| **TOTAL** | | | **$10,510.00** |

Because the reasonable attorney's fee exceeds the amount Frisch will receive under the settlement agreement, I find that the agreed amount of attorney's fees did not improperly influence the amount Fischer will receive under the settlement agreement.

C. *Fairness Finding.*

This case involved legal and factual issues disputed by the parties. *See* Section III. A. *supra*. Each side was represented by counsel, and all parties voluntarily agreed to the settlement amount. The settlement includes a reasonable attorney's fee. Accordingly, I find the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

---

[2] The Time Sheet lists Vaysman as the "Attorney" and Rivera as the "Timekeep[er]."

Although the title of the motion requests approval of a final stipulated judgment, no judgment has been submitted to the Court and the body of the motion does not request entry of judgment. The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement, which is partially unenforceable in light of the public filing of the settlement agreement. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

**IV. RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court **GRANT in part** the parties' Second Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment, Doc. No. 40. I further recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

2. **ORDER** Andrew Frisch, Esq, and Morgan & Morgan to allocate any funds recovered from Defendants first to Fischer until he receives the agreed $7,500.00, and only thereafter to attorney's fees and costs.

3. **PROHIBIT** counsel for Fischer from withholding any portion of the $7,500.00 payable to Fischer under the settlement agreement pursuant to a retainer agreement or otherwise;

4. **ORDER** counsel for Fischer to provide a copy of the Court's Order to Fischer;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 11, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE